## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL M. WALKER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **CR No. 06-60E** |
| | ) **CV No. 09-129E** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

### OPINION

Pending before the Court are Petitioner Michael P. Walker's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion") [Doc. #215] and a "Motion to Dismiss and Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255" ("Government's Motion to Dismiss and Response") [Doc. #218] filed by the Respondent United States of America ("the Government"). For the reasons set forth below, Petitioner's § 2255 Motion is denied and the Government's Motion to Dismiss is granted.

**I. Background.**

On August 22, 2007, Michael Walker ("Walker") pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine in violation of 21 U.S.C. § 846. He was sentenced to 120 months imprisonment. Judgment against him was entered on December 6, 2007. On December 11, 2007, Walker timely appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit.

On direct appeal, the appellate court affirmed the judgment of conviction and sentence. United States v. Walker, 305 Fed.Appx.48 (3d Cir. 2008), cert. den'd, 129 S.Ct. 1538 (2009).

**II. Standard of Review under 28 U.S.C. §2255.**

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. U.S. v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 (3d Cir. 1990), cert. den'd, 500 U.S. 916 (1991). Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." U.S. v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. U.S., 368 U.S. 424, 428 (1962)).

The Court must consider the motion together with all the files, records, transcripts and correspondence relating to the judgment under attack. See 28 U.S.C. § 2255, Rule 4(b) of the Rules Governing Section 2255 Proceedings. A district court considering a §

2255 motion "'must accept the truth of the movant's factual allegations unless they are

clearly frivolous on the basis of the existing record,'" U.S. v. Booth, 432 F.3d 542, 545

(3d Cir. 2005) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)), and a

court "abuses its discretion if it fails to hold an evidentiary hearing when the files and

records of the case are inconclusive as to whether the movant is entitled to relief." Booth,

432 F.3d at 546 (citing U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). However, the

final disposition of a § 2255 motion lies with the discretion of the trial judge, see Virgin

Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may

summarily dismiss a §2255 motion where the motion, files, and records "show

conclusively that the movant is not entitled to relief." U.S. v. Mason, 2008 WL 938784, 1

(E.D. Pa. 2008) (citing Forte, 865 F.2d at 62).

      "Section 2255 generally may not be employed to relitigate questions which were

raised and considered on direct appeal." U.S. v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir.

1993) (internal quotations omitted). Moreover, "if a petitioner has failed to raise an

objection at the time of trial and has also failed to raise the issue on direct appeal, then

collateral review of that claim is procedurally barred unless the petitioner is able to show

'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged

error or violation." Henry v. U.S., 913 F.Supp. 334, 335 (M.D. Pa.), aff'd, 96 F.3d 1435

(3d Cir.1996); see also U.S. v. Essig, 10 F.3d 968, 979 (3d Cir.1993) (holding that the

"cause and prejudice" standard set forth in U.S. v. Frady, 456 U.S. 152 (1982) "applies to

3

§ 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"). However, a petitioner need not demonstrate cause and prejudice when raising a claim of ineffective assistance of counsel for the first time in a collateral attack. DeRewal, 10 F.3d at 104.

**III. No Need for an Evidentiary Hearing.**

As set forth above, when a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record, Booth, 432 F.3d at 545, and the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992); United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997). Here we find no need for an evidentiary hearing as the record conclusively establishes that Walker is not entitled to the relief sought in his § 2255 Motion.

4

**IV. Legal Analysis.**

We first address the Government's contention that Walker's § 2255 Motion must be dismissed "for lack of subject matter jurisdiction, because pursuant to the terms of Walker's plea agreement, he waived collateral review. Government's Motion to Dismiss and Response, p. 3. If the Government's Motion to Dismiss is granted, Walker's § 2255 Motion must be denied.

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." U.S. v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (citing U.S. v. Mezzanatto, 513 U.S. 196, 201 (1995)). Such waivers are enforceable "provided they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." U.S. v. Mabry, 536 F.3d 231, 237 (3rd Cir. 2008), cert. den'd, 129 S.Ct. 2789 (2009) (citing Khattak, 273 F.3d at 561).

A court has "an independent obligation to conduct an evaluation of the validity of a collateral waiver." Id. at 238. Specifically, we must examine the "(1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Id. at 237. "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of

5

justice, based on the record evidence before it."  Id. at 237-238 (citing Khattak, 273 F.3d at 563).

With regard to whether the waiver was knowing and voluntary, we must, at a minimum, "review[] the terms of the plea agreement and change-of-plea colloquy and address[] their sufficiency." Id. at 239. Having done so, we find that it is clear from the terms of the plea agreement and the change of plea colloquy that Walker's waiver of his right to bring a collateral appeal was knowing and voluntary.  Specifically, the Plea Agreement, which Walker signed on August 23, 2007, clearly and unequivocably provided: "MICHAEL M. WALKER, JR. further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agreement, p.2. Moreover, in the change-of-plea colloquy, when asked by the court "to tell me basically what the substance of that plea agreement is, and I'm going to ask you and [defense counsel] if you agree with his statement of what the terms of that plea agreement are," the government explained in significant part: "He also waives his right to file a motion to vacate sentence under the habeas corpus provisions of Title 28." August 22, 2007 Change of Plea transcript, pp. 15-16. At the government's conclusion of the recitation of the terms of the plea agreement, the court asked Petitioner: "Is there any representation made by the United States Attorney that's not absolutely clear in your

mind? Id. at p. 18. Petitioner answered "No." Id. The court then queried "You think you understand everything in there?" Id. Petitioner answered "Yes, sir." Id.

Therefore, we turn next to whether enforcement of the waiver "would work a miscarriage of justice in this case." Mabry, 536 F.3d at 239. A court is to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Id. at 242 and 243. There is no identified list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice. Id. However, the Third Circuit court has "endorsed the methodology of the Court of Appeals for the First Circuit," and instructed that we should consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result . . .'" Id. at 242-243 (quoting U.S. v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

In his § 2255 Motion, Walker argues that the court erred as follows: (1) "[u]nreasonable sentence in failing to exercise discretion to adjust criminal history points;" and (2) [s]entence is unreasonable as the District Court refused to apply the minor participant base offense level reduction provided for under U.S.S.G. §3B1.2(b)." Motion, p. 3, ¶ 9(f). Walker further articulates the bases for his motion in his

7

Memorandum in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Petitioner's Supporting Memorandum"). In Petitioner's Supporting Memorandum, Walker first argues that "all of [his prior] offenses were minor in nature and [he] should have received consideration for this by the Court making findings to apply the 'safety valve'." Petitioner's Supporting Memorandum, p. 3. Walker next argues that he was a "minimal participant" in the drug scheme. Id. at p. 3. Third, Walker argues that he did not receive effective assistance of counsel because his trial counsel failed to argue that Walker "was actually a 'minimal participant' who was brought into the conspiracy after inception thus advising the Petitioner he could receive a 'safety valve' reduction." Id. Finally, Walker argues the following in his "Reply Brief of Petitioner to the Response of the United States of America" ("Petitioner's Reply Brief"): "Petitioner can prove that counsel failed to argue that his criminal offenses were all minor in nature. The record is also clear that the Petitioner was a 'low level' drug dealer who only offered a friend a place to stay which led to his involvement in the instant offense." Petitioner's Reply Brief, p.2.

Upon examination of these arguments, we find that enforcement of Walker's waiver of collateral appeal will not work a miscarriage of justice because the bases of Walker's §2255 Motion are without merit. First, the district court's decisions that the safety valve provision was inapplicable to Walker and that Walker's criminal history had not been overstated have already been reviewed and affirmed by the appellate court

8

during the course of Walker's direct appeal of his sentence. See Walker, 305 Fed.Appx. at 52. Similarly, the district court's decision that Walker did not qualify as a minimal/minor participant in the drug conspiracy also has already been reviewed and affirmed by the appellate court during the course of Walker's direct appeal of his sentence. See id. at pp. 52-53.

Finally, for the following reasons, we find Walker has not established an ineffective assistance of counsel claim. "A claim of ineffective assistance requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993), citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984).

First, with respect to Walker's argument that he did not receive effective assistance of counsel because his trial counsel failed to argue that Walker "was actually a 'minimal participant' who was brought into the conspiracy after inception thus advising the Petitioner he could receive a 'safety valve' reduction" and "that [Walker's] criminal offenses were all minor in nature," Walker can establish neither that counsel's representation fell below an objective standard of reasonableness nor that the deficient performance prejudiced him because Walker's contention that defense counsel did not argue that Walker was a minimal participant in the drug conspiracy and that Walker's prior criminal offenses were minor in nature simply is factually incorrect. To the contrary,

9

both in his "Defendant Walker's Position with Respect to Sentencing Factors" filed prior to the sentencing hearing, and at the sentencing hearing, defense counsel strongly advocated these positions. See "Defendant Walker's Position with Respect to Sentencing Factors," pp. 2-8; December 4, 2007 Sentencing Hearing transcript, pp. 5-7, 13-18.

Further, with respect to Walker's argument that his counsel provided ineffective assistance of counsel because he advised Walker that Walker "could receive a 'safety valve' reduction" and that this statement induced Walker to plead guilty, we find that this advice was entirely reasonable under the facts of this case. Therefore, Walker has not established that counsel's representation fell below an objective standard of reasonableness. Moreover, even assuming that in making the statement counsel's representation fell below an objective standard of reasonableness, Walker still cannot establish that the deficient performance prejudiced him. "To establish prejudice, a defendant must demonstrate that there is a 'reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different." Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (quoting Strickland, 466 U.S. at 694). A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 695. Here, the questions posed to Walker by the Court at the change-of-plea hearing and the Court's explanations of why it was asking these questions, all which occurred prior to the Court accepting Walker's guilty plea, made it abundantly clear that only the Court could decide what Walker's sentence would be and

10

that Walker needed to understand that any promises or predictions made by anyone other than the Court were unenforceable and should not be relied upon by Walker in reaching his decision to plead guilty.[1]  See August 22, 2007 Change of Plea transcript, pp. 13-20,

---

[1]During the change-of-plea colloquy, the district court asked the following questions: (1) "Have you and [defense counsel] talked about how the Guidelines might apply in your case?;" (2) "And you should understand that I won't be able to determine the Guideline sentence for your case until after the presentence report has been completed and you and the Government have had an opportunity to review it and challenge anything in it that you might disagree with. Do you understand that?;" (3) "Do you understand that the sentence might be different from what either your attorney or the United States Attorney predicted?;" (4) "Do you understand that after it's been determined what Guideline applies in this case, the Judge has the authority in some circumstances to impose a sentence that's more severe or less severe than the sentence called for by the Guidelines?;" (5) "Do you agree with that [that the government's summary was a fair statement of what was in the plea agreement]?;" (6) "You think you understand everything in there [the plea agreement]?;" (7) "do you understand that any recommendation of sentence that might be agreed to by your lawyer and the Government, or any agreement by the Government not to oppose your requested sentence is not binding on me, and you might, on the basis of your guilty plea, receive up to the maximum permitted by law? Do you understand that?;" (8) "Do you understand that if I chose not to impose the sentence that might be recommended by the prosecutor or by your lawyer and impose a more severe sentence, you will not then be entitled to withdraw your guilty plea?;" (9) "Do you understand that you may not at a later date after today claim that there were any promises, representations, agreements, understandings, or threats made by any person that motivated or caused you to enter this plea, other than those that you had an opportunity to tell me about here and now in open court. Do you understand that?;" (10) "Do you understand that no one can make promises for me as to how to dispose of the case?;" (11) "It's very important, because if anyone has predicted or promised leniency, I'm putting you on notice right now that any representation they may have made is not binding on me, and I will sentence you according to my own conscience and following the law. Do you completely understand this?" Change-of-Plea Transcript, pp. 13-20. Walker responded "yes" to all of these questions. Id. The court also asked Walker (1) "Has anyone made any representation or promise to you, other than what's in the plea agreement, that induced you to plead guilty?;" (2) "It's very important that I've been told all of the relevant bargaining that taken place, because I want to guard against any possible misunderstanding of the terms of the plea bargain. Is there any representation made by the United States Attorney that's not absolutely clear in your mind?;" (3) Has anyone made any prediction or promise to you as to what the sentence will be?;" (4) "Have any out-of-court promises or representations or agreements been made which require you to respond untruthfully to any of my questions. For instance, has anyone told you to tell me that no promise of leniency was made, when, in fact, a promise was so made?;" and (5) "Has anyone promised or predicted leniency with respect to any sentence that I might impose?" Id. at pp.

25.

The Government's Motion to Dismiss is granted and Walker's § 2255 Motion is denied.

## V.  Certificate of Appealability.

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Walker's § 2255 Motion. A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).  We find that jurists of reason would not find our assessment of Walker's constitutional claims to be either debatable or wrong.  Therefore, the Court will deny a certificate of appealability.

---

17-19.  Walker responded "no" to all of these questions. Id.

12

**VI.  Conclusion**.

The Government's Motion to Dismiss is granted, Petitioner's § 2255 Motion is

denied, and  a certificate of appealability will not be issued.  An appropriate order will be

entered.


Date: August 11, 2009

Maurice B. Cohill, Jr.
United States District Court Senior Judge